IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA MURPHY,

                        Plaintiff,

    v.

STUPAR, SCHUSTER & BARTELL, SC,

                        Defendant.

OPINION & ORDER

17-cv-568-jdp

---

This case arises out of a debt that plaintiff Patricia Murphy owed to Associated Bank. Murphy filed for bankruptcy and received a discharge, *In re Murphy*, No. 09-17656 (Bankr. W.D. Wis.), but in 2016, defendant Stupar, Schuster & Bartell, SC, filed an action in state court on Associated's behalf in which it sought to enforce a reaffirmation agreement between Murphy and Associated.[1] Murphy's position in the state court lawsuit is that the affirmation agreement is not enforceable because it does not meet all the requirements for such agreements in 11 U.S.C. § 524. In her complaint in this court, Murphy contends that Stupar violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, because Stupar "falsely represented the character and legal status of the debt by filing, and maintaining, a legal action against Patricia Murphy" for an invalid debt. Dkt. 1, ¶ 20.

Stupar has filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to abstain from hearing the case until the state

---

[1] In an affirmation agreement, "the debtor agrees to repay all or part of a dischargeable debt after a bankruptcy petition has been filed. The debtor['s] choice to reaffirm creates a voluntary exception to the 'fresh start' that bankruptcy otherwise confers." *In re Duke*, 79 F.3d 43, 44 (7th Cir. 1996) (citations omitted).

court lawsuit is resolved. Dkt. 5. Because Stupar has not shown that it is entitled to either form of relief, the court will deny the motion.

ANALYSIS

**A. Abstention**

Although Stupar raises abstention as an "alternative" to its motion to dismiss, Dkt. 6, at 6, abstention generally is considered a "threshold" question that is decided before the merits. *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005); *Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 76 (1st Cir. 2004). Regardless, the issue appears to be moot. Stupar asks the court to abstain from hearing this case under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), while the state court action is pending, but the electronic docket for the Wisconsin state courts shows that the Circuit Court for Dane County dismissed Associated's claim against Murphy and entered judgment in her favor. *Associated Bank, NA vs. Gaffney*, No. 2016cv2048 (Dane Cty. Cir. Ct. Dec. 20, 2017).[2]

The state court docket does not show the reason for the dismissal of the claim against Murphy (and the parties haven't provided any information), but the state court found in favor of Associated on the claim against Gaffney, suggesting that the court dismissed the claim against Murphy for a reason unique to her, which could be her bankruptcy discharge. Whatever the reason, the state court litigation appears to be concluded.[3] And even if it weren't, Stupar's

---

[2] *Available at https://wcca.wicourts.gov.* Patricia Gaffney, Murphy's partner, is also a defendant in the state court case. Dkt. 15-2, ¶ 8.

[3] Judgment was entered on December 29, 2017, and neither party has filed a notice of appeal. Wis. Stat. § 808.04 (setting 45-day deadline for filing notice of appeal).

own view is that the state court litigation is not dispositive of Murphy's claim in this court, Dkt. 6, at 6 n. 2, so Stupar has not shown that this is one of the "rare" cases, *Growe v. Emison*, 507 U.S. 25, 32 (1993), in which it would be appropriate to make an exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

Because neither side has filed a supplemental brief about the effect, if any, of the state court's decision on this case, the court will not consider that issue now. If any party believes that the state court's decision is preclusive, that party may raise the issue in a motion for summary judgment.

**B. Merits**

Murphy is bringing her claim under 15 U.S.C. § 1692e, which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute lists 16 nonexhaustive examples of prohibited conduct, including "[t]he false representation of . . . the character, amount, or legal status of any debt." § 1692e(2). The question raised by Stupar's motion is what qualifies as a "false, deceptive, or misleading representation or means" in the context of state court litigation.

Two basic points appear to be undisputed. First, § 1692e applies to a lawyer's conduct that occurs in the context of litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995). Second, the complaint itself may qualify as a false representation under § 1692e. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810 (7th Cir. 2016). For example, in *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013), the court held that filing a time-barred debt collection action is itself a violation of § 1692e "because such a suit falsely implies that the debt collector has legal recourse to collect the debt." *Eul v. Transworld Sys.*, No. 15 C 7755,

3

2017 WL 1178537, at *8 (N.D. Ill. Mar. 30, 2017) (citing *Phillips*, 736 F.3d at 1079). *See also Rehman v. Pierce & Assocs., P.C.*, No. 16 C 5178, 2017 WL 131560, at *4 (N.D. Ill. Jan. 13, 2017) ("The filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt.").

In this case, Murphy's view is that the state court complaint falsely implies that Associated has a legal right to collect a discharged debt. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("A demand for immediate payment . . . after the debt's discharge . . . is 'false' in the sense that it asserts that money is due, although, because of the . . . discharge injunction (11 U.S.C. § 524), it is not."). *See also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA."). Although Stupar says that it has a reaffirmation agreement with Murphy, she says that the agreement is unenforceable under § 524 because it is missing certain required information.

Stupar acknowledges that Murphy is disputing the validity of the debt, but its position is that a complaint seeking to collect a debt is not "false, deceptive, or misleading" if it is filed in "good faith." Dkt. 17, at 3. Stupar suggests that a complaint does not violate § 1692e unless: (1) the debt is "on its face, patently invalid"; or (2) a court has already determined the debt to be invalid. *Id.* at 4.

In the abstract, Stupar's position has some force. If acting in good faith does not defeat a claim under § 1692e, then a debt collector subjects itself to potential liability under the FDCPA any time it seeks to enforce a disputed debt. But at least at this stage, Stupar has not shown that it is entitled to dismissal of Murphy's claim.

4

First, Stupar has not cited any authority that supports its position, and the court's review of the relevant case law appears to support Murphy's view. For example, the court of appeals has allowed cases to proceed under § 1692e even when the defendant raised arguments that the debts were not legally defective. *Phillips*, 736 F.3d at 1081–82 (considering arguments regarding timeliness of debt claims); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472–73 (7th Cir. 2000) (considering arguments regarding defendants' subrogation rights). In both *Phillips* and *Gearing*, the court considered the defendants' arguments regarding the defendants' rights to collect the debts, but ruled in the plaintiffs' favor after rejecting those arguments. In *Phillips*, 736 F.3d at 1094, the court noted the possibility that issues related to tolling or estoppel could render certain collection claims timely, but the court did not view that possibility as a bar to the FDCPA claim at the outset. In neither case did the court suggest that the defendants' arguments were frivolous or raised in bad faith. The arguments were simply incorrect. *See Gearing*, 233 F.3d at 473 ("Section 1692e applies even when a false representation was unintentional.").

In another case, the court did reject a claim under § 1692e that involved a legally disputed debt, but the court did not simply rely on the fact that the debt was disputed or that the debt collector was acting in good faith. Rather, the court concluded that the debt was in fact valid and therefore wasn't false. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 352 (7th Cir. 2017).

These cases support related two points: (1) courts may determine in the context of the FDCPA action whether a debt collection complaint is "false" on the ground that the debt at issue is legally defective; and (2) a defendant cannot avoid liability under § 1692e simply because the validity of the debt is not clearly established before the plaintiff files her FDCPA

claim. *See also Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 449–50 (6th Cir. 2014) (holding that defendant violated § 1692e by filing complaint in state court that sought to collect interest not authorized under state law and reversing district court's decision concluding that state law did authorize interest); *id.* at 452–53 (Batchelder, J., dissenting) (concluding that majority was playing "gotcha!" with debt collectors by imposing liability even when "no court— either federal or state—had [previously] held that" interest at issue was not authorized).

Also undermining Stupar's position is *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). In that case, the Supreme Court considered the scope of 15 U.S.C. § 1692k(c), which states that "[a] debt collector may not be held liable . . . under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The Court held that a defendant's mistaken interpretation of the FDCPA is not a defense covered by § 1692k(c), despite concerns that the "Court's interpretation . . . may create a dilemma for lawyers who regularly engage in debt collection, including through litigation" because those lawyers have limited options for obtaining a definitive interpretation on the scope of the law before filing a collection action. *Id.* at 605 (Breyer, J., concurring).

Stupar points out that *Jerman* was limited to mistaken interpretations of the FDCPA; the Court did not consider whether mistaken interpretations of *other* laws could qualify for the defense. But that limitation of the Court's holding has little probative value for the purpose of deciding Stupar's motion to dismiss, for two reasons.

First, the Court's reasoning was not related to the peculiarities of legal mistakes regarding the FDCPA. Rather, the focus of the Court's discussion was on the difference

between factual mistakes and legal mistakes, so much of the Court's reasoning would apply equally to legal mistakes generally. *E.g.*, *id.* at 582 ("Our law is . . . no stranger to the possibility that an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law."); *id.* at 587 ("[T]he broad statutory requirement of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes."); *id.* at 599 ("[L]awyers may invoke the bona fide error defense, for instance, where a violation results from a qualifying factual error."). In one case, the Seventh Circuit summarized *Jerman* as standing for the general proposition that "mistakes of law are not excused" under the FDCPA. *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 900 (7th Cir. 2015).

Second, *Jerman* was an interpretation of a *defense* to liability. The Court and the parties accepted as a given that a legal mistake could qualify as a "false" representation under § 1692e. That assumption is consistent with the Seventh Circuit's view that § 1692e imposes "strict liability" on debt collectors without regard to the defendant's knowledge or intent. *Randolph*, 368 F.3d at 730; *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). Because Stupar has not raised any defenses yet, even a narrow reading of *Jerman* would provide little support for the motion to dismiss.

Even if the court were to accept Stupar's contention that a debt collector could not be sued under § 1692e for bringing a debt collection claim in good faith, Stupar has not shown at this point that its claim *was* in good faith. To support her contention that the debt is invalid, Murphy relies on a nonprecedential decision of the Wisconsin Court of Appeals. *Klein v. Duren Law Offices, LLC*, 2014 WI App 45, 353 Wis. 2d 554, 846 N.W.2d 34. In that case, the court concluded that a reaffirmation agreement was not enforceable because the agreement did not

7

include a completed "Part D" disclosure, *id.* at ¶ 3, the same objection that Murphy is raising in this case. The court of appeals' analysis is straightforward and relies solely on the plain language of § 524. *Id.* at ¶ 12 ("Stripped down to the most pertinent language, § 524 directs: 'The law requires you to . . . [c]omplete and sign Part D,' and the failure to do so means that 'the reaffirmation agreement is not effective, even though you have signed it.'"). Although Stupar repeatedly emphasizes that *Klein* is not a precedential decision, Stupar does not offer any grounds for disagreeing with the reading of § 524 in *Klein*. Thus, even if, as Stupar suggests, a debt must be "patently invalid" to trigger liability under the FDCPA, Stupar provides the court no basis for rejecting a conclusion that its debt meets that standard.

Stupar raises two other arguments in its briefs. First, Stupar cites *McMahon*, 744 F.3d 1010, for the proposition that "[s]eeking to collect a debt, even an *invalid debt*, does not necessarily violate the FDCPA if the debt collector does not mislead the debtor," Dkt. 6, at 5 (emphasis in original), but *McMahon* does not help Stupar. The court held that a letter sent to a debtor was misleading because it implied that the debtor needed to pay a time-barred claim. *McMahon*, 744 F.3d at 1021. Stupar relies on a passage in which the court qualified its ruling, stating that "[w]e do not hold that it is automatically improper for a debt collector to seek repayment of time-barred debts." *Id.* at 1020. The court explained that a debt collector may ask debtor to pay a time-barred debt without violating the FDCPA, but only if the debt collector also makes it clear that the debt is not legally enforceable. *Id.*

*McMahon* is not instructive because this case involves a request for payment in a lawsuit, not a letter. By filing the state court action, Stupar necessarily communicated its view that the debt *is* enforceable. *McMahon* might provide a useful analogy if Stupar had filed a declaratory judgment action in which it identified the potential defects in the reaffirmation agreement and

8

asked the court to determine the parties' rights under it. *Cf. Owens v. LVNV Funding, LLC*, 832 F.3d 726, 732, 736 (7th Cir. 2016) (filing proof of claim related to time-barred debt in bankruptcy action did not violate FDCPA because "the Bankruptcy Code contemplates that creditors will file proofs of claim for unenforceable debts" and because proof of claim included information showing that debt was time-barred). But that is not what Stupar did.

Finally, Stupar says that Murphy has not alleged that she was actually misled or deceived into believing that the debt was legally enforceable. This contention fails because the "test for determining whether a debt collector violated § 1692e is objective," *Turner*, 330 F.3d at 995, so a representation's effect on a particular debtor is not dispositive.

In sum, the court is not persuaded that Murphy has failed to state a claim on the ground that the parties are disputing the validity of the claimed debt. Under the court's view of current law, Murphy is entitled to proceed with her claim.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendant Stupar, Schuster &Bartell, SC, Dkt. 5, is DENIED.

Entered February 21, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge